UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, ET AL. )<br>)<br>  Plaintiffs, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>441 4th Street, N.W. )<br>Washington DC 20001 )<br>)<br>  Defendant ) | Civil Action No. 08-1061 (RJL) |

**MOTION FOR CLASS CERTIFICATION UNDER FEDERAL
RULES OF CIVIL PROCEDURE 23(b)(1) and 23(b)(2)**

Plaintiffs move the Court, pursuant to Fed. R. Civ. P. 23(c)(1), for an order determining that this action will be maintained as a class action under Rules 23(b)(1) and 23(b)(2) with respect to the claims of the following two specific classes of persons:

1) For the purposes of declaratory and injunctive relief to enjoin the operation of the Neighborhood Safety Zone (NSZ) checkpoint program and, more generally, to enjoin the use of roadway checkpoints the primary purpose of which is general crime control, the proposed class consists of: "All residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license." All four individual plaintiffs are proposed to be class representatives.

2) For the purpose of injunctive relief to expunge the data and records collected through the operation of the unconstitutional NSZ checkpoint program, the proposed class consists of: "All motor vehicle operators who have been stopped at NSZ checkpoints." Three of the individual plaintiffs, MILLS, LEAKS and SLOAN are proposed to be class representatives.

1

2

A supporting memorandum of points and authorities is submitted herein in support of this motion.

Pursuant to Local Rule 7(m), counsel for plaintiffs sought consent to this motion from counsel for the District. At the time of the filing of this motion, counsel has not heard back from the District.

July 3, 2008                                              Respectfully submitted,

                                                          __/s/_____
                                                          Carl Messineo [450033]
                                                          Mara Verheyden-Hilliard [450031]
                                                          PARTNERSHIP FOR CIVIL JUSTICE
                                                          617 Florida Avenue, NW
                                                          Washington, D.C. 20001
                                                          (202) 232-1180
                                                          (202) 350-9557 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, ET AL. )<br>)<br>  Plaintiffs, )<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>441 4th Street, N.W. )<br>Washington DC 20001 )<br>)<br>  Defendant )<br>) | Civil Action No. 08-1061 (RJL) |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLASS
CERTIFICATION UNDER FEDERAL RULES
OF CIVIL PROCEDURE 23(b)(1) and 23(b)(2)**

The challenged roadway seizure checkpoints are alleged to deny the rights of motorists to travel upon the District of Columbia's roadways free of unconstitutional seizures at checkpoints.

Additionally, expungement relief is sought for all motorists who have been stopped at Neighborhood Safety Zone checkpoints.

Two classes are proposed, therefore, to remedy each of these two categories of violation and/or relief. As discussed below, each meets the requirements for class certification as set forth in Fed.R.Civ.P. 23(a), 23(b)(1) and 23(b)(2).

I. **Descriptions of Each of the Two Classes**

  A. **Class #1 (Injunctive Relief Against Future Checkpoint Implementation)**

The proposed class of persons affected by the implementation of the checkpoints is: All residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license.

This definition is an extension on a classwide basis of the relevant description of the persons who possessed standing to challenge as individual plaintiffs the constitutionality of

1

Michigan's roadway sobriety checkpoints. The U.S. Supreme Court as well as the Courts of the State of Michigan, including the Michigan State Supreme Court, each entertained claims seeking to enjoin roadway sobriety checkpoints from individual plaintiffs who were "licensed drivers of the State of Michigan who regularly travel throughout the state in their automobiles." <u>Michigan Dept. of State Police v.Sitz</u>, 496 U.S. 444, 448 (1990); <u>Sitz v. Dept. of State Police</u>, 170 Mich. App. 433, 437 (1988). Given the considerably smaller area encompassed by the District of Columbia as compared to the State of Michigan, plaintiffs have here dispensed with the additional language regarding regular travel throughout the state or District. <u>See</u> <u>also</u> <u>City of Indianapolis v. Edmond</u>, 531 U.S. 32 (2000) (entertaining class challenge to constitutionality of roadway checkpoints); <u>Edmond v. Goldsmith</u>, 38 F. Supp. 2d 1016, 1019 – 1021 (S.D.Ind. 1998) (applying the requirements of Rule 23 to certify class seeking injunctive relief against roadway checkpoints).

    **B.**    **Class #2 (Expungement Relief)**

The proposed class of persons seeking expungement relief is: All motor vehicle operators who have been stopped at NSZ checkpoints. According to District of Columbia Metropolitan Police Department (MPD) Special Police Order SO-08-06, "Neighborhood Safety Zones," data related to all drivers who are stopped at a NSZ checkpoint is to be collected and documented on a PD 76 (Stop or Contact Report) which may then be entered into larger databases.

**II.    The Putative Classes Satisfy the Need for Numerosity, Commonality and Typicality Under Fed. R. Civ. P. 23**

Rule 23(a) sets forth the general prerequisites to a class action:

> "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."
Fed.R.Civ.P. 23(a).

In this case, Plaintiffs clearly meet these threshold requirements.

### A.   Class Members So Numerous that Joinder is Impractical

The larger of the two classes, Class #1 seeking to enjoin the checkpoints, is estimated to be somewhat greater than 300,000 persons, an estimate which is based on the fact that according to the Department of Transportation there were 313,027 licensed District of Columbia drivers in 2003, the latest year for which statistics are available. See http://www.fhwa.dot.gov/policy/ohim/hs03/pdf/dl22.pdf.

The expungement class, Class #2, based on the MPD's reports, is approximately 700+ persons (from a six day period of random NSZ deployments) and will increase each time the District of Columbia deploys its NSZ checkpoints.

The classes are each so numerous that joinder of all members is impracticable. See Eisenberg v. Gagnon, 766 F.2d 770 (3rd Cir. 1985) (ninety); Brady v. Thurston Motor Lines, 726 F.2d 136 (4th Cir. 1994) (seventy-four); See also Barham v. District of Columbia, Civil Action No. 02-2283 (EGS) September 19, 2003 Memorandum Opinion and Order (approximately 400 persons); Pigford v. Glickman, 182 F.R.D. 341, 347 – 48 (D.D.C. 1998) (401 persons); Lewis v. Nat'l Football League, 146 F.R.D. 5, 8 – 9 (D.D.C. 1992) (approximately 250 persons); Franklin v. Barry, 909 F.Supp. 21, 30 (D.D.C. 1991) (approximately 200 persons),

### B.   There Are Questions of Law and Fact Common to the Classes

The same common question of law is at the heart of both class claims: Whether the challenged checkpoint seizures are unconstitutional. The fundamental factual inquiry is whether the NSZ checkpoint program has crime control as its primary purpose. City of Indianapolis v.

Edmond, 531 U.S. 32 (2000).  If answered in the affirmative, relief appropriate to each of the classes should then issue.

      **C.**      **The Claims of the Representatives are Typical of Each Class**

The interest of Class #1, that seeking to enjoin future implementation of checkpoints, is the interest in operating motor vehicles in the District of Columbia free of unconstitutional roadway seizures. The representatives to that class each share that interest as do all class members. The claims of the representatives are directly related to that common interest and are typical with the claims of the class as a whole.

The interest of Class #2 is expungement of records and data collected at unconstitutional NSZ roadway seizure checkpoints. The class representatives' claims for expungement are typical of the class claims for expungement.

      **D.**      **The Class Representatives Can Adequately Advance and Protect the Interests of the Respective Classes**

The class representatives are committed to the interest which they seek to advance and protect in this litigation. There is no evidence of material conflict of interest between the class representatives and the respective classes.

Plaintiffs' counsel are capable and skilled litigators with experience in complex federal litigation over constitutional violations by law enforcement and government. Mr. Messineo and Ms. Verheyden-Hilliard have each been certified, and currently serve, as lead class counsel in complex federal constitutional rights litigation in this Court. See Becker, et al. v. District of Columbia, et al., Civil Action No. 01-811 (PLF) (class of approximately 700 persons advancing claims against District of Columbia for constitutional violations by MPD); Barham, et al. v. Ramsey, et al., Civil Action 02-2283 (EGS) (class of approximately 400 persons advancing

claims against the District of Columbia for constitutional violations by MPD); See also Becker, et al. District of Columbia, et al., Civil Action No. 01-811 (PLF/JMF) February 2, 2008 Report and Recommendation (recommending summary judgment issue on behalf of class claims of false arrest); Barham v. Ramsey, 434 F.3d 565 (D.C. Cir. 2006) (finding mass arrests to be unconstitutional); A.N.S.W.E.R. Coalition v. Kempthorne, et al., Civil Action No. 05-71 (PLF) March 20, 2008 Opinion (granting injunction against unconstitutional practices by the U.S. Government discriminating against protestors seeking to assemble along the Presidential Inaugural Parade route).

### III.     The Putative Classes Satisfy the Additional Requirements of Rules 23(b)(1) and 23(b)(2)

A class is additionally required to qualify as at least one of the class action types identified in Rule 23(b). In this case, the classes each qualify under Rules 23(b)(1) and 23(b)(2).

To meet the criteria as a Rule 23(b)(1) class, separate actions must create a risk of inconsistent adjudications or adjudications that would be dispositive of the interest of other members not parties. Fed.R.Civ.P. 23(b)(1). Separate adjudications would clearly create the risk of inconsistent rulings, in addition to potentially disposing of the issue of the checkpoints' constitutionality without the involvement of all class members.

To meet the criteria as a Rule 23(b)(2) class, it must be the situation that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed.R.Civ.P. 23(b)(2). The placement of NSZ and other checkpoints with crime control as the primary purpose affects the members of Class #1 as a group, that class being "all residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license." The collection of data and consequential need and interest in expungement relief affects, as a group,

all those who are stopped at a checkpoint as data is required to be collected on all such motor vehicle operators.

### IV. No Notice to Class Members Required

Notice is not required to be issued for classes certified pursuant to Rules 23(b)(1) or 23(b)(2). There is no option to "opt out" of such certified classes and the cost of notice to this class would be prohibitive particularly as the suit seeks only injunctive relief on a class basis. The 2003 Comments to the Advisory Committee Notes elaborates:

> "The authority to direct notice to class members in a (b)(1) or (b)(2) class action should be exercised with care. For several reasons, there may be less need for notice than in a (b)(3) class action. There is no right to request exclusion from a (b)(1) or (b)(2) class. The characteristics of the class may reduce the need for formal notice. The cost of providing notice, moreover, could easily cripple actions that do not seek damages. The court may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice."

Rule 23(c)(2) advisory committee notes to 2003 amendments.

The cost of notice to over 300,000 potential class members is prohibitive. The benefit of any form of court ordered notice would be merely incremental, if not nil, as the case and the subject matter has been the topic of hundreds of media, newspaper, television, radio and Internet reports.

As the Advisory Committee Notes reflect, "notice calculated to reach a significant number of class members often will protect the interests of all. Informal methods may prove effective." Id.

Any District of Columbia resident motor vehicle operators with a particular interest in the subject matter have been effectively advised of the issue, setting aside that there is no right to opt out.

Even in the absence of the informal notice created by media focus, the balance of interests would still weigh against the option of notice under the circumstances of this case. To impose the costs of notice would establish a cost prohibitive bar to the ordinary citizen's ability to challenge constitutional violations by the District of Columbia and its police force. It is the citizen, acting as a "private attorney general" against government abuse who is most often relied upon to maintain and secure constitutional protections through the Court system. The public interest, and constitutional interest, weigh heavily in favor of minimizing obstacles to the vindication and protection of constitutional rights.

WHEREFORE, for the reasons set forth above, plaintiffs respectfully request that their motion be granted.

July 3, 2008

Respectfully submitted,

__/s/_____
Carl Messineo [450033]
Mara Verheyden-Hilliard [450031]
PARTNERSHIP FOR CIVIL JUSTICE
617 Florida Avenue, NW
Washington, D.C. 20001
(202) 232-1180
(202) 350-9557 fax

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, ET AL.<br><br>    Plaintiffs,<br>v.<br><br>DISTRICT OF COLUMBIA<br>441 4th Street, N.W.<br>Washington DC 20001<br><br>    Defendant | )<br>)<br>)<br>)  Civil Action No. 08-1061 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### ORDER

Upon consideration of plaintiffs' Motion for Class Certification, it is this _____ day of _____, 2008, hereby

ORDERED that plaintiffs' motion is GRANTED; and it is further

ORDERED that this action will be maintained as a class action under Rule 23(b)(1) and 23(b)(2) with respect to the claims of the following two classes:

Class #1 (which seeks to enjoin future implementation of challenged checkpoints):

"All residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license."

Class #2 (which seeks expungement relief):

"All motor vehicle operators who have been stopped at NSZ checkpoints."

IT IS FURTHER ORDERED that, upon consideration of the balance of interests and in light of the fact that no notice is required for class actions commenced under Rules 23(b)(1) or 23(b)(2), the plaintiffs are not required to issue notice of class certification.

1

SO ORDERED.

_____
RICHARD J. LEON
United States District Judge