UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, *et al.*, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 08-1061 (RJL) |
| : | |
| DISTRICT OF COLUMBIA, : | |
| : | |
| Defendants. : | |

**DEFENDANT DISTRICT OF COLUMBIA'S MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendant District of Columbia ("the District") hereby opposes Plaintiffs' Motion for Class Certification under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2).

**INTRODUCTION**

Plaintiffs bring suit challenging the constitutionality of the District's Neighborhood Safety Zone ("NSZ") program. As part of their lawsuit, Plaintiffs propose that the Court certify two classes to seek two separate claims for injunctive and declaratory relief. First, for purposes of enjoining the District from operation of the NSZ program, Plaintiffs propose a class consisting of "all residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license." Second, for purposes of injunctive relief to expunge the data and records collected through past implementation of the NSZ program, Plaintiffs propose a class of "all motor vehicle operators who have been stopped at NSZ checkpoints."

As detailed below, this case is not appropriate for certification as a class action. There is no need to certify a class of all licensed motor vehicle operators in the District for the purpose of a facial challenge to the constitutionality of the program. Class certification here would only

complicate the present litigation and make it more costly. Further, Plaintiffs are incapable of satisfying Rule 23's requirements for class certification.

Plaintiffs' second proposed class is also unnecessary, as any claim for relief sought by the proposed class is moot. The District has bound itself to expunge data obtained during NSZ checkpoints consistent with District law pertaining to retention of information resulting from police stops and with this Court's determination of the appropriate method of expungement.

## ARGUMENT AND AUTHORITIES

I. **Standard for Class Certification**

As the proponent of class certification, Plaintiffs bear the burden of establishing that each of the requirements set forth in Federal Rule of Civil Procedure 23 are met. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). It is the duty of the Court to conduct a "rigorous analysis" as to whether class certification is proper. *General Tel. Co. v. Falcon*, 547 U.S. 147, 161 (1982); *Berger v. Iron Workers Reinforced Rodmen Local 201*, 843 F.3d 1395, 1409 (D.C. Cir. 1988). Plaintiffs must demonstrate that the elements of Rule 23(a) are satisfied and that the class is maintainable pursuant to one of Rule 23(b)'s subdivisions. *Amchem Prods., Inc.*, at 614; *Richard v. Delta Air Line, Inc.*, 453 F.3d 525, 529 (D.C. Cir. 2006). Plaintiffs are unable to meet the requirements for class certification in the present case.

II. **The Court should not certify Plaintiffs' proposed Class 1.**

   A. **Class certification is improper under Federal Rule of Civil Procedure 1 because, in this case, class certification runs counter to the Rule's stated interests in a speedy and inexpensive determination of this action.**

Class certification is not proper in this case. Rule 1 of the Federal Rules of Civil Procedure provides that the rules themselves are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." It would, in fact, run counter to

2

the interests of a speedy and inexpensive determination of this action to certify a class of "all residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license" for purposes of a straight-forward facial challenge to the constitutionality of the Neighborhood Safety Zone program.[1]

Plaintiffs seek a judgment declaring MPD Special Order SO-08-06 to be unconstitutional and enjoining the operation of NSZ checkpoints under Special Order SO-08-06. Complt, Prayer for Relief, at A.B.

A successful facial challenge, such as Plaintiffs pursue, if successful invalidates the entire legislation (of administrative order) because the statute (or order) could never be applied in a constitutionally valid way. *See Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 797 (1984). Should Plaintiffs succeed in this litigation, the NSZ program will be declared unconstitutional, and the District will be enjoined from future implementation of NSZ checkpoints, regardless of whether the litigation involves four individual plaintiffs or the proposed class.

In *Rappaport v. Katz*, 62 F.R.D. 512 (S.D.N.Y. 1974), Plaintiffs were four individuals who sued the Clerk of the City of New York for violation of their constitutional rights after the clerk established new standards of participation and procedure when officiating weddings. Plaintiffs sought to certify a class consisting of "all persons who wish and are legally entitled to be married by the Clerk of the City of New York or by his agents." *Id*., at 514. The Court refused to certify a class, in significant part, on the grounds that "any declaratory relief awarded

---

[1] Plaintiffs focus the Court's attention on the expense of class action litigation by identifying the possibility that notice to a class of over 300,000 members would be cost-prohibitive. Memorandum at 6. Plaintiffs' concerns regarding the cost of litigation support the District's contention that class certification runs counter to the interests of inexpensive determination of the relief sought.

to plaintiffs in this action would quite likely have a city-wide effect. Accordingly, a class action is not required." *Id.*, at 515.

The result here is the same. Any declaratory relief to individual plaintiffs would not only "quite likely" have a city-wide preclusive effect, it *absolutely would* have a city-wide preclusive effect. As such, it is unnecessary to certify a class to resolve Plaintiffs' claim. *See also Hatfied v. Williams*, 64 F.R.D. 71 (D. Iowa 1974) (holding that class certification provided no useful purpose in deciding the constitutionality of portions of Iowa's adoption procedures).

Class certification does not provide any advantages in the resolution of Plaintiffs' claim. The only relief sought by the proposed class of District residents with motor vehicle operator's licenses is against future checkpoint implementation, an issue that will be resolved pursuant to this Court's determination of the constitutionality of the NSZ program. Plaintiffs' claim for monetary damages is limited to the four named Plaintiffs. Complaint at 15. There is no need for any party to this litigation to incur the burden or costs regarding notice and discovery necessarily involved in prosecuting a class action lawsuit when a facial challenge to the constitutionality of the program will be outcome determinative as to the injunctive relief sought by the proposed class. Since class certification is an unnecessary complication to a straight-forward determination by this Court on the constitutionality of the NSZ program, Plaintiffs' request for class certification should be denied.

**B.     Plaintiffs' proposed Class 1 fails to meet the threshold requirements of Rule 23(a).**

Rule 23(a) lists four prerequisites to a class action lawsuit: (1) numerosity (the class is so numerous that joinder of all members is impracticable); (2) commonality (there are questions of law or fact common to the class); (3) typicality (the claims or defenses of the representative parties are typical of the claims and defenses of the class); and (4) adequacy of representation

4

(the representative parties will fairly and adequately protect the interests of the class). FED. R. CIV. P. 23(a). Additionally, Plaintiffs must demonstrate that the class is maintainable under Rule 23(b). FED. R. CIV. P. 23(b). Here, Plaintiffs propose that each class qualifies for certifications under Rule 23(b)(1) and Rule 23(b)(2). Motion at 5-6. Defendant disagrees and demonstrates below that the requirements of the Rule 23 have not and cannot be met in this instance.

1.  **Numerosity**

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). The numerosity requirement "imposes no absolute limitations," but instead "requires examination of the specific facts of each case." *Gen. Tele. Co. of the NW v. EEOC*, 446 U.S. 318, 330 (1980). Furthermore, Rule 23(a)(1) "gives courts discretion to decide whether using the class action mechanism would serve the interests of judicial economy and efficiency." *Lightfoot v. District of Columbia*, 246 F.R.D. 326, 335 (D.D.C. 2007), *quoting Int'l Union v. Clark*, Civil Action No. 02-1484 (GK), U.S. Dist. LEXIS 64908, at *5 (D.D.C. Sept. 21, 2006). Plaintiffs' proposed class does appear to be of such a size as to render joinder of all members impracticable.

Class certification here, however, does not serve the interests of judicial economy and efficiency, factors to be considered in evaluating the numerosity requirement. *See Lightfoot*, at 335. Plaintiffs seek to certify a class for purposes of enjoining future implementation of checkpoints pursuant to the District's NSZ program. Plaintiffs seek this declaratory and injunctive relief under their contention that the program is unconstitutional. Class certification works against the interests of judicial economy and efficiency here because class certification only serves to complicate an otherwise straight-forward facial challenge to the constitutionality of the program.

### 2. Commonality

Rule 23(a)(2) requires that there are questions of law or fact common to the class. FED. R. CIV. P. 23(a)(2). "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *In re Lorazepam & Clorazepate Antitrust Litigation*, 202 F.R.D. 12, 26 (D.D.C. 2001). Plaintiffs identify the common question of fact to be "whether the NSZ program has crime control as its primary purpose." Motion at 3; *see United States v. Dawson*, 270 F.3d 977, 980 (D.C. Cir. 2002) (primary purpose is fact issue) (citations omitted).

Plaintiffs misstate the essential fact question enunciated by the U.S. Supreme Court in *City of Indianapolis v. Edmond*, 531 U.S. 32 (2000), and further defined in *Illinois v. Lidster*, 540 U.S. 419 (2004). That question, in its broadest phrasing, is whether the primary purpose is *general* crime control purposes. As demonstrated during the July 9, 2008 hearing in this matter, however, even this phrasing of the factual issue is too imprecise. In seeking to apply their terminology in an overly broad and imprecise fashion, Plaintiffs ignore that the United States Supreme Court stated in both *Edmond* and *Lidster* that conducting a checkpoint primarily for general crime control purposes means that it is operated "to detect evidence of ordinary criminal wrongdoing." *Lidster*, 540 U.S. at 423 (quoting *Edmond,* 531 U.S. at 41). This latter articulation properly defines the parameters on which the factual issue turns, which Plaintiffs' proffered statement of the common issue of fact does not. Because Plaintiffs bear the burden of proof on certification issues, their failure to identify a proper question of fact defeats their commonality claim under Rule 23(a)(2). Accordingly, certification of Class 1 should be denied.

Plaintiffs' statement of the purported common question of law – "[w]hether the challenged checkpoint seizures are unconstitutional" -- is similarly defective. In their Complaint,

Plaintiffs commonly challenge the NSZ Initiative on Fourth Amendment grounds. However, Plaintiffs intimate in their Memorandum Of Points And Authorities In Support Of Motion For Preliminary Injunction, at 26-27, and in the Complaint, at 2, and at 7-8 (Parties, ¶¶ 3,4), that Ms. Leaks and Ms. Sloan, as putative class representatives, may assert First Amendment claims as well. Thus, Plaintiffs' proffered common question of law is defective for purposes of establishing commonality because it does not sufficiently define the common legal question, even in terms of a specific alleged constitutional violation. Accordingly, Class 1 certification should be denied on this basis as well.

### 3. Typicality

Rule 23(a)(3) requires a finding that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). This requirement ensures that "that the class representatives have suffered injuries in the same general fashion as absent class members." *In re Vitamins Antitrust Litigation*, 209 F.R.D. 251, 260 (D.D.C. 2002). The typicality requirement is satisfied "if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to provide the defendant's liability." *Lorazepam*, 205 F.R.D. at 27. Further, to establish typicality, the harm complained of must "be common to the class, and . . . the named plaintiffs [must] demonstrate a personal interest or threat of injury that is real and immediate, not conjectural or hypothetical." *Bame v. Dillard*, 2008 U.S. Dist. LEXIS 40805, at *19 (D.D.C. May 22, 2008), *citing Bynum*, 214 F.R.D. at 34.

"Plaintiffs satisfy typicality if each class member's claim arises from *the same course of events that led to the claims of the representative parties* and each class member makes similar legal arguments to prove the defendant's liability." *Keepseagle v. Veneman*, 2001 U.S. Dist.

7

LEXIS 25220, Civil Action No. 99-3119, at *22 (D.D.C. December 12, 2001) (emphasis added). Here, named Plaintiffs' claims are not typical of the proposed class of all residents of the District who possess a motor vehicle operator's license.

The named Plaintiffs in this case seek to include people within a class who have never – and foreseeably will never – experience a similar, much less the same, course of events giving rise to Plaintiffs' claims. A total of 951 vehicles entered the 11 Trinidad NSZ checkpoints; this however, does not necessarily reflect a total of 951 licensed drivers to the extent that some drivers entered multiple checkpoints. It is speculative, at best, to assume that 300,000 or more drivers licensed as of the July 3, 2008 filing of the class certification motion (or as of some other pertinent date, such as the period June 7-12, 2008) will ever pass through an NSZ checkpoint. By defining their class to include both licensed drivers who have not encountered NSZ checkpoints, as well as licensed drivers who will never encounter NSZ checkpoints, Plaintiffs propose a class that is overwhelmingly populated with members wholly unassociated with the events giving rise to Plaintiffs' claims. As such, typicality cannot be established. *See Chang v. United States*, 217 F.R.D. 262, 272 (D.D.C. 2003).

Additionally, Plaintiffs cannot establish that any threat of injury of the nature of which they complain is real and immediate. *Bame*, at *19. The MPD is not currently running NSZ checkpoints, and there are no plans to set up another NSZ checkpoint as of the filing of this Opposition. Accordingly, there is no threat of real and immediate injury. As was discussed at the July 9, 2008 hearing in this matter, any future injury is conjectural. Plaintiffs' speculative injury is insufficient to establish typicality under Rule 23(a)(3). *See Bame*, at *19.[2]

---

[2] Simply put, Plaintiffs move this Court to certify a putative class of more than 300,000, of whom 951 or fewer members (.317%) have sustained even an alleged injury. Since 99.683% of the putative class have suffered no concrete injury, this putative class, *qua* class, lacks standing.

8

### 4.     Adequacy of Representation

Rule 23(a)(4) requires that certified classes have adequate representation, both in terms of the named plaintiffs and class counsel. FED. R. CIV. P. 23(a)(4). Adequacy of representation is satisfied when Plaintiffs demonstrate: (1) there is no conflict of interest between the legal interests of the named plaintiffs and those of the proposed class; and (2) counsel for the class is competent to represent the class. *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997). Adequacy of representation is not established here because a conflict of interest exists between proposed class members and the named Plaintiffs.

Plaintiffs' position in this litigation is explicitly against the NSZ program, attacking its constitutionality and portraying it as akin to a nightmarish future for crime control in the District. *See* Complaint at 1-2; Memorandum at 4 ("The class representatives are committed to the interest which they seek to advance and protect in this litigation."). Nevertheless, Plaintiffs seek to establish a class which includes numerous District residents with motor vehicle operator's licenses who not only disagree with Plaintiffs' overt opposition to the program, but also actively support the program and believe it to be constitutional. *See* Exhibit 1, Declaration of Kathy Henderson with attached signatures of Trinidad residents supporting NSZ program. This conflict of interest within the proposed class defeats Rule 23's requirement of adequacy of representation by the named Plaintiffs.

This direct antagonism among proposed class members is impermissible because of the undeniable opposing views on the issues involved in this litigation. While some courts have been content in observing that unanimity can rarely be achieved in large classes, those cases largely reflect the mere "possibility" of antagonism instead of, as here, the manifested dissent of many members of this proposed class, particularly those actually living in the Trinidad

neighborhood. *See* Exhibit 1; *compare Horton v. Goose Creek Indep. School Dist.*, 690 F.2d 470, 485 (5th Cir. 1982) (addressing conflict in terms of a "possibility of antagonism" existing.); *Waters v. Barry*, 711 F. Supp. 1125, 1132 (D.D.C. 1989) (describing any conflict or antagonism as "theoretical"), *with Pratt v. Chicago Housing Authority*, 155 F.R.D. 177, 180 (N.D. Ill. 1994) (finding that antagonism moved beyond possibility into "prominent and vigorous dissent within the class").

Plaintiffs' proposed class fails to satisfy Rule 23's adequacy of representation requirement because there is direct antagonism between the named Plaintiffs and members of the proposed class. As a result, certification is not appropriate. Plaintiffs' motion for class certification should be denied.

  **C.**  **The proposed class definition of "all residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license" is too ambiguous to support certification and undermines Plaintiffs' purpose.**

Plaintiffs must present the Court with a definition of the class such that it is "administratively feasible for the court to determine whether a particular individual is a member." *Bynum v. District of Columbia*, 214 F.R.D. 27, 31 (D.D.C. 2003). The class must be clearly defined, neither amorphous nor imprecise. *See Lewis v. Nat'l Football League*, 146 F.R.D. 5, 8 (D.D.C. 1992). Plaintiffs have failed to present the Court with a clearly articulated class.

    **1.**  **The propose definition is unworkably ambiguous.**

Plaintiffs' proposed class is too vague to qualify for certification. *See Armstrong v. D.C. Public Library*, 154 F. Supp. 2nd 167, 77 (D.D.C. 2001) (defining vagueness as lacking in an objective definition). Plaintiffs' proposed class definition includes all licensed residents of the District, yet their memorandum of points and authorities supporting class certification

10

("Memorandum") only references holders of District licenses. Memorandum at 3 (referencing the number of licensed drivers identified by D.C. Department of Transportation). Based on the conflict between their proposed class definition and their reference to D.C. Department of Transportation data, it is unclear whether Plaintiffs seek to include only those District residents who possess a motor vehicle operator's license from the D.C. Department of Transportation or whether Plaintiffs seek to include District residents licensed by other jurisdictions, as well.

Further, the proposed class is over-inclusive in that it includes District residents with motor vehicle operators' licenses who will never encounter a NSZ. At the same time, the definition is under-inclusive because it excludes non-residents of the District who have or will encounter a NSZ checkpoint.

Plaintiffs have proposed a class too vague and imprecise for certification. Indeed, Plaintiffs' proposed class is so ill-defined as to leave the Court unsure of an individual's membership in the class. This uncertainty is contrary to the requirement that the class definition be appropriately tailored, thus ensuring that "an individual would be able to determine, *simply by reading the definition*, whether he or she is a member of the proposed class." *Bynum*, at 32 (emphasis added). Because the class is too amorphous and vaguely defined, class certification should be denied.

### 2. The proposed class cannot be justified under Rule 23(b)(1) for because there is no risk of inconsistent adjudications.

Rule 23(b)(1) class certification is appropriate if separate actions would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the class, or adjudications which would, as a practical matter, be dispositive of the interests of other proposed class members not parties to the adjudications or substantially impair or impede their ability to protect their own interests. FED. R. CIV. P. 23(b)(1). Plaintiffs

11

contend that this case is proper for certification under this provision because "[s]eparate adjudications would clearly create the risk of inconsistent rulings, in addition to potentially disposing of the issue of the checkpoints' constitutionality without the involvement of all class members."  Memorandum at 5.  Despite this conclusory argument as to the possibility of inconsistent rulings, there really is no such risk of inconsistent adjudications regarding the constitutionality of the NSZ program.  Additional Trinidad checkpoint cases would come before this case as related cases, the District would remove any such challenges brought in D.C. Superior Court, and venue lies here. .

This case presents a facial challenge to the constitutionality of the District's NSZ program.  The appropriate forum to resolve the constitutionality of the program is the very forum where this case is pending.  No other litigation regarding the constitutionality of the NSZ program is pending.  As such, this Court's determination will control, whether or not the present litigation involves the proposed class.  *See Wolkenstein v. Reville*, 539 F. Supp. 87, 92 (W.D.N.Y. 1982) (finding that the risk of inconsistent and varying adjudications is not great where the primary relief sought is declaration that statutory scheme is constitutionally defective); *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 163 (D.D.C. 1976) (identifying that Rule 23(b)(1) certification as inappropriate where there is little likelihood of similar litigation).  Therefore, class certification is not proper under Rule 23(b)(1).

### 3.     The proposed definition undercuts Plaintiffs' objectives.

A Rule 23(b)(2) class is appropriate if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  FED. R. CIV. P. 23(b)(2).  The lack of a clearly defined class precludes certification under Rule 23(b)(2) because

12

without a clearly defined class of plaintiffs the Court cannot compare the District's actions affecting that class relative to the District's actions affecting non-class members. *See Clay v. American Tobacco Co.*, 188 F.R.D. 483, 495 (S.D. Ill. 1999) (stating that Rule 23(b)(2) classes must meet a standard of "cohesiveness" for purposes of managing the litigation). As a result, it is improper for the Court to certify a class under Rule 23(b)(2).

In sum, Plaintiffs' flawed efforts to define a class undermine their objectives as understood by the District – to prevent the District from applying a facially unconstitutional checkpoint system to *any* motorist.[3] It is not clear to which licensed residents an injunction sought by Plaintiffs would apply, if it were to be granted. However, it is clear that it would not apply to residents of any of the 50 States bearing licenses from their residence jurisdictions. Accordingly, this Court should not certify proposed Class 1.

**III.    Moreover, Plaintiffs' proposed certification of class of "all motor vehicle operators who have been stopped at NSZ checkpoints" should be denied because the District has already provided for the relief sought in the absence of an injunction.**

Plaintiffs additionally propose creating a second class, defined as: "All motor vehicle operators who have been stopped at NSZ checkpoints." Memorandum at 2. Plaintiffs seek certification of this class for expungement of data collected from all drivers stopped at a NSZ checkpoint.

In its opposition to Plaintiffs' Motion For Preliminary Injunction ("PI Opp"), the District informed the Court of its willingness to expunge from its electronic data system the information gathered from operators through the Trinidad checkpoints. This has been accomplished. The data has been stored on a cd to avoid spoliation concerns. The District proposes that the cd be

---

[3]    This assumes that Plaintiffs intend to resolve this matter without the necessity of a class action brought on behalf of non-residents having non-DC licenses. As explained above, in seeking declaratory judgment and an injunction against the District (as opposed to in favor of a defined class) Plaintiffs have obviated the need for any class definition to obtain complete relief.

filed under seal with the Court pending disposition of this matter, at which point it can be destroyed.

In addition, the District submitted with its PI Opp a proposed order providing that the PD-76's (MPD records of contact or stop) for all persons, other than the named Plaintiffs, who entered the checkpoints be filed under seal with the Court.  Doc. # 6-16.  Plaintiffs have not objected to that proposed order during the 44 days since it was submitted.  (The District submits that these records should not be destroyed until June 12, 2011, because they would be pertinent in the event that additional persons initiate other civil actions seeking damages.)   Through these measures, the District has provided for the relief for which the smaller class has been proposed without the need for certification of such a class.  Obviously, the named Plaintiffs do not need a class to be certified for the destruction of their PD-76's; the District merely submits that copies of these records should be maintained by counsel for the respective parties until this case has been decided and all appeals, if any, have been exhausted.  A Proposed Order providing for these measures is submitted herewith.

The District's willingness to provide Plaintiffs with the requested relief obviates the need for this Court to certify a class to accomplish those purposes and renders the claim moot.  *See Friends of the Earth, Inc. v. Laidlaw Environmental Srvcs.*, 528 U.S. 167, 189-191 (2000) (establishing the standard for mootness as such that the Court can be satisfied that conduct cannot be reasonably expected to recur).  Thus, the Court should deny certification of a class of "all motor vehicle operators who have been stopped at NSZ checkpoints." [4]

---

[4] Further, it is not clear how many of the petition signers are included in the proposed class of "all motor vehicle operators who have been stopped at NSZ checkpoints."  The burden is upon movant Plaintiffs to establish that they adequately represent the interest of the class.  In this instance, they must demonstrate, therefore, that even the smaller class that they seek to have certified does not contain persons whose interests in this lawsuit are conflicting or antagonistic.

14

**CONCLUSION**

For the foregoing reasons, the District respectfully requests this Court deny Plaintiffs' Motion for Class Certification.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Assistant Deputy Attorney General
Chief, Equity Section I

_/s/_Thomas L. Koger_____
THOMAS L. KOGER [427921]
Senior Assistant Attorney General

_/s/ Chad Copeland_____
CHAD COPELAND[5]
Assistant Attorneys General
Civil Litigation Division
441 4th Street, NW
Suite 600 South
Washington, DC 20001

---

Accordingly, Plaintiffs have failed to establish their adequacy of representation for either proposed class.

[5]   DC Bar Application pending. Member of Texas Bar in good standing. Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rules 83.2(d) and 83.2(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    :
CANEISHA MILLS, *et al.*,           :
                                    :
            Plaintiff,              :
                                    :
      v.                            :   Civil Action No. 08-1061 (RJL)
                                    :
DISTRICT OF COLUMBIA,               :
                                    :
            Defendants.             :
_____:

## ORDER

Upon consideration of **PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(1) AND 23(b)(2)**, Defendant's Opposition thereto, and the entire record herein, it is this

_____ day of _____, 2008 hereby

**ORDERED** that the Plaintiffs' Motion is **DENIED**.


                                    _____
                                    HON. RICHARD J. LEON
                                    United States District Court,
                                    District of Columbia


Copies to:
All counsel of record