UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CANEISHA MILLS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> ) <br> Defendant. ) | Civil Action No. 08-1061 (RJL) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
TO STAY ITS OBLIGATION TO ANSWER OR OTHERWISE RESPOND
TO COMPLAINT PENDING STATUS CONFERENCE**

The plaintiffs respectfully oppose the District of Columbia's Motion to Stay Its Obligation to Answer or Otherwise Respond to Complaint Pending Status Conference (docket entry no. 21).

The purported basis for the request is that the "Complaint. . . will be rendered a nullity by the filing of a Supplementeal [sic] Complaint." The District's argument would carry more weight were the plaintiffs' stated intention to file an *amended* complaint. However, that is not the case. The original complaint will stand with the filing of a *supplemental* pleading.

An amended complaint supplants and replaces any predecessor complaint.

A supplemental pleading supplements any predecessor complaint.

The supplemental pleading will not, as the District asserts, render its answer "a nullity."

The original Complaint is not moot. An answer should be filed. While the District has altered some words in its Special Order, the District has never retreated from the unconstitutional policy of implementing a system of suspicionless roadway seizure checkpoints for the purposes of general crime control. The District has never retreated from its unconstitutional policy of

1

preventing drivers from using certain roadways unless those drivers are deprived of their rights to informational privacy and disclose their intentions, relationships and associations to the government and the government determines that their purpose is sufficiently "legitimate" to allow passage.

It is true that the District has submitted an order to the Court regarding disposition of certain seized information reflected in police records and previously recorded in law enforcement databases and should such order be issued, then plaintiffs will concur that issues pertaining to the specific data encompassed by that order will be mooted. At the same time, it is important to observe that the District has *added* new intelligence gathering components to its suspicionless seizure program, including that a representative from the fusion data centers (by which the MPD disseminates "intelligence" to the FBI and other federal agencies) be deployed in connection with any checkpoints.

The District has had an extensive period of time to make its filing in response to the complaint in this matter and should be prepared to do so. The District inaccurately represents that the plaintiffs previously consented to its prior 30 day enlargement request to file its Answer or dispositive motion.[1] The plaintiffs did not consent to that enlargement in this case where preliminary injunctive relief has been sought, time is of the essence, and where the District repeatedly stated its intention to activate the challenged checkpoint system at any time as it deemed appropriate. See Motion of Defendant District of Columbia for Enlargement of Time to

---

[1] Defendant also misstates plaintiffs' position regarding supplemental filings. The District requests that it be given an even larger delay in the filing of their answer and as such plaintiffs advised that should such answer trigger the need for supplemental filings, they would then need to do so after the answer is filed, which in defendant's view should be after August 14th.

Respond to Complaint at 2 (docket entry no. 8) ("Plaintiffs have declined to consent" to the 30 day enlargement request).

The District has attempted to evade judicial evaluation of its NSZ program and continues to do so. It seeks to avoid putting into the court record a clear statement and response to the Complaint filed in this matter in a timely fashion. It argued to the Court that any suggestion that it would redeploy checkpoints was conjectural while it testified before the elected Council of the District of Columbia that it intended to maintain its program and redeploy it. Within one day of its most recent assertion to the Court that such redeployments were conjectural it then redeployed the checkpoints. The Chief of Police asserted that she will continue to do so until a judge stops her.

On July 30, the Court ordered plaintiffs to file with the Court a statement of intent as to whether they would prefer to brief the issue of mootness, file an amended complaint or file a supplemental pleading that would address the Court's inquiries regarding defendant's amendments to its Special Order. Plaintiffs were clear, notwithstanding the District's assertion and the Court's suggestion to the contrary, that there is no mootness to the original complaint since the fundamental violations of the suspicionless seizure checkpoint program remain unaltered (and in some instances have been compounded).

Given a set of suggested options by the Court, rather than submitting to the delay inherent in a round of mootness briefings, plaintiffs have proceeded by <u>not</u> displacing the original complaint and have stated the intention to file a supplemental pleading in response to the Court's communications at the status hearing.

Justice delayed is justice denied. The original complaint stands and will not be withdrawn by plaintiffs as the underlying constitutional violations remain unabated. There is no reason for

Defendant to have an even greater period of delay in filing its answer to plaintiffs' Complaint. Plaintiffs believe it is appropriate for the Defendant to have ten days following the filing of Plaintiffs' supplement to their Complaint to file a Supplemental Answer.[2]

August 7, 2008                                   Respectfully submitted,

                                                 _/s/_____
                                                 Carl Messineo [450033]
                                                 Mara Verheyden-Hilliard [450031]
                                                 PARTNERSHIP FOR CIVIL JUSTICE
                                                 617 Florida Avenue, NW
                                                 Washington, D.C. 20001
                                                 (202) 232-1180
                                                 (202) 350-9557 fax

---

[2] The Court has indicated that it is not available to reschedule the status conference to August 15. As such plaintiffs expect to file their supplemental pleading on August 14 as originally scheduled.

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 08-1061 (RJL) |

**ORDER**

Upon consideration of the District of Columbia's Motion to Stay Its Obligation to Answer or Otherwise Respond to Complaint Pending Status Conference, Plaintiffs' Opposition to Defendant's Motion to Stay Its Obligation to Answer or Otherwise Respond to Complaint Pending Status Conference, and the record herein, it is this _____ day of _____, 2008 hereby

ORDERED that Defendant's motion is DENIED; and it is further

ORDERED that Defendant's response to the Complaint filed in this case on June 20, 2008 shall be filed on or before August 11, 2008; and it is further

ORDERED that Defendant shall have up to and including 10 days following the filing of Plaintiffs' supplement to their Complaint to file a Supplemental Answer.

_____
RICHARD J. LEON
United States District Judge

1