UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, *et al*. ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 08-1061 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA ) | |
| ) | |
| Defendant. ) | |
| ) | |

**FILING REGARDING SUPPLEMENTAL PLEADING,
AS ORDERED BY THE COURT'S MINUTE ORDER
DATED AUGUST 20, 2008**

Plaintiffs' filing of a pleading to address circumstances and events that had arisen since the date of the original complaint was made at the Court's initiative.

On August 14, 2008, plaintiffs filed their Supplemental Pleading. (Document number 23-2).

The Supplemental Pleading adds no new counts or claims to the original complaint. It does address, as urged by the Court, circumstances and events arising after the filing of the original complaint, including the subsequent amendments to certain provisions of Special Order 08-06, the additional implementations of the checkpoints in Trinidad and ongoing resultant injury.

At the status hearing on August 20, 2008, plaintiffs' counsel, in response to inquiry from the Court, represented plaintiffs' position that the filing of a Supplemental Pleading had the effect of adding to or supplementing the scope of the pleadings. The plaintiffs use the term "pleading" as defined in Fed.R.Civ.P. 7.

Plaintiffs use the term "Supplemental Pleading" and "Supplemental Complaint" interchangeably as the effect of the supplemental pleading was to supplement the complaint and

1

expand the scope of the pleadings. Plaintiffs note that reference was made by the Court at the August 20, 2008 status hearing to the Supplemental Complaint as supplementing the Motion for a Preliminary Injunction. Plaintiffs' counsel responded then as herein, which is that the pleading to be supplemented is Plaintiffs' Complaint.

Under the Federal Rules, the only filings that are "pleadings" are those constituting a complaint, an answer to the complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, or a reply to an answer. Fed.R.Civ.P. 7; Yuhaz v. Brush Wellman, Inc., 341 F.3d 559, 569 (6th Cir. 2003) (Rule 7 provides exhaustive list of pleadings), McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP, et al., Civil Action No. 05-2401 (RJL/JMF), Mem. Op. at 1-2, (D.D.C. June 24, 2008) (listing pleadings). The Supplemental Complaint was filed to supplement Plaintiffs' Complaint, technically the only pleading that had been previously filed, with events and circumstances occurring after the date of that original pleading.

The plaintiffs identified at the status hearing Fed.R.Civ.P. 15(d) as a source of authority that the August 14, 2008 filing identified as "Plaintiffs' Supplemental Pleading" setting forth facts and circumstances that had occurred since the filing of the original complaint constituted a supplemental pleading and placed those post-complaint events and circumstances before the Court in the pleadings of this case.

The plaintiffs' articulated position was and is that a supplemental pleading, though technically not an "amendment" as that term is used in Rule 15, adds to or supplements the pleading to which it relates, in this instance Plaintiffs' Complaint.

The Court requested additional legal authority including specifically Supreme Court and D.C. Circuit authority that would support plaintiffs' position. The Court directed that the

plaintiffs "submit pleadings that set forth the position of their Supplemental Pleading filed on 8/14/08 by Close of Business 8/25/2008." Minute Order, August 20, 2008.

Plaintiffs respectfully respond as set forth herein.

> "Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit and it follows, of course, that persons participating in these new events may be added if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice."

Griffin v. School Board, 377 U.S. 218, 227 (1964) (referring to a pleading that supplemented the complaint by adding events that had happened in the ten years since the action had begun) (footnote admitted).

> "The distinguishing feature of the [supplemental pleading] is that it sets forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED.R.CIV.P. 15(d); see also, e.g., Weeks v. New York State (Div. Of Parole), 273 F.3d 76, 88 (2d Cir. 2001) (noting that supplemental pleadings relate to events that "have transpired since the date of the party's most recent pleading"). Supplements therefore contrast with amendments, which typically rest on matters in place prior to the filing of the original pleading. See 6A WRIGHT & MILLER § 1504, at 184."

U.S. v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002).

> "The purposes to which the rule is typically put support the conclusion that the appropriate bases for supplemental pleadings are new facts bearing on the relationship between the parties, rather than merely changes in the law governing those facts. See id. § 1504, at 177-83 (Rule 15(d) is used to set forth new facts that update the original pleading or provide the basis for additional relief; to put forward new claims or defenses based on events that took place after the original complaint or answer was filed; to include new parties where subsequent events have made it necessary to do so); see also, e.g., Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989) ('The supplement concerned events which took place after he filed the complaint, to wit: defendants went beyond freezing plaintiff's account and removed funds therefrom . . .')."

U.S. v. Hicks, 283 F.3d 380, 385- 86 (D.C. Cir. 2002).

3

At the August 20, 2008 status hearing, the Court expressed the view that the two post-Complaint amendments to the Special Order were not properly before the Court, as plaintiffs had not filed an amended or a new complaint. The Supplemental Pleading, however, explicitly and directly encompasses the post-Complaint amendments.

Plaintiffs do not wish to file an amended complaint, displacing the original and turning the clock back to the very beginning of proceedings. Nor do plaintiffs believe that every time the District of Columbia might revise their order that such action moots any pending complaint as pertaining formalistically and strictly to a specific prior revision.

In the instant case, new facts have naturally arisen as might be expected from an ongoing and repetitive unconstitutional policy or practice. Although the District of Columbia has made certain amendments to the Special Order, those amendments do not alter the fundamental challenge to the constitutionality of the checkpoints system which has already been fully briefed in the preliminary injunction filings and, in the view of plaintiffs, is ripe for adjudication.

The post-Complaint amendments left the suspicionless roadway seizure checkpoints undisturbed in material substance. The same underlying controversy and count exists in the amended order as in the original order. See Naturist Society, Inc. v. Fillylaw, 958 F.2d 1515, 1520 (11th Cir. 1992) (amendments to challenged statutes or laws do not render complaint moot where it leaves objectionable features of prior law substantially undisturbed, although case is mooted where amendment removes all of the challenged features), citing, Lewis v. Continental Bank Corp., 494 U.S. 472, 477-80 (1990); Kremens v. Bartley, 431 U.S. 119, 128-29 (1977); Diffenderfer v. Central Baptist Church, 404 U.S. 412, 414 (1972).

Based on the above-referenced authorities, and those referenced at the status conference, plaintiffs respectfully submit that the Supplemental Pleading does expand the scope of the

pleadings and that the averments and circumstances encompassed by the pleadings as supplemented, including specifically the amendments to the special order, are properly before the Court.

The District of Columbia appears to now take the position that plaintiffs' complaint challenges only the particular revision of Special Order 08-06 that was extant at the time of the original complaint. Plaintiffs' vigorously object to such a strained interpretation, both as a matter of law as related above and as a matter of the Complaint itself, which clearly challenges the *policy* of implementing suspicionless roadway seizure checkpoints the purpose of which is general crime control. Complaint at 14 – 15 (Document number 1). That policy is manifest in all versions of the Special Order. See gen'ly Plaintiffs' Supplemental Pleading (Document number 23-2). It is the subject of Plaintiffs' pending Motion for Preliminary Injunction.

With the filings and information submitted, plaintiffs respectfully submit that the case is in a posture in which the adjudication to grant or to deny the motion for preliminary injunction is ripe.

August 25, 2008               Respectfully submitted,

                                               _/s/_____
                                               Carl Messineo [450033]
                                               Mara Verheyden-Hilliard [450031]
                                               PARTNERSHIP FOR CIVIL JUSTICE
                                               617 Florida Avenue, NW
                                               Washington, D.C. 20001
                                               (202) 232-1180
                                               (202) 350-9557 fax