UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CANEISHA MILLS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Case No. 08-1061 (RJL) |
| DISTRICT OF COLUMBIA, | ) ) ) |
| Defendant. | ) ) |

## 𝒮𝓉 MEMORANDUM ORDER
(March 3ℓ, 2010 [#7])

The plaintiffs are four citizens of the District of Columbia, and they have brought this suit challenging the constitutionality of the District's Neighborhood Safety Zone ("NSZ") program. In addition to their plaintiff-specific claims for damages, the plaintiffs have asked the Court to declare the NSZ program unconstitutional and to enjoin further operation of the program on that basis. They also seek an order requiring the District to expunge any information collected by law enforcement as a result of the NSZ checkpoints.

Now before the Court is the plaintiffs' Motion for Class Certification Under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2) [#7]. The plaintiffs' propose the certification of two classes. The first class consists of "[a]ll residents of the District of Columbia who possess a motor vehicle operator or 'driver's' license." (Mot. for Class Cert. [#7] at 1). According to the plaintiffs, this class is entitled to an injunction barring the District from any further implementation of the NSZ program. (*Id.*). The second

1

class consists of "[a]ll motor vehicle operators who have been stopped at NSZ checkpoints." (*Id.*). The plaintiffs claim that this class is entitled to an injunction requiring the District to expunge any information about the class members collected at the checkpoints. (*Id.*). Even though the plaintiffs have, strictly speaking, satisfied the criteria in Rule 23 for establishing eligibility for class certification, the Court sees no need to certify the proposed classes given that the plaintiffs raise a facial challenge to the NSZ program. An injunction predicated on the facial invalidation of the program affords complete protection, not only to the proposed class members, but to all others potentially affected by the program as well. Accordingly, for the reasons detailed below, the Court will exercise its considerable discretion over class certification and DENY the plaintiffs' motion.

To bring a class action under Rule 23, a plaintiff must show: (1) that "the class is so numerous that joinder of all members is impracticable," (2) that "there are questions of law or fact common to the class," (3) that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition to satisfying the criteria of Rule 23(a), a plaintiff seeking class certification must also show that the class is maintainable under Rule 23(b). The plaintiffs in this case contend that their proposed class qualifies under Rule 23(b)(1) or Rule 23(b)(2).[1] (Mot. for Class Cert. [#7-1] at 5-6).

---

[1] Rule 23(b)(1) provides for class certification if prosecuting separate actions would create a risk of "(A) inconsistent or varying adjudications with respect to

2

The Court is satisfied that the plaintiffs have met the Rule 23 criteria for class certification. First, the scope of both classes is sufficiently broad that the joinder of all class members would indeed be impracticable. Second, because the plaintiffs attack the constitutionality of the NSZ program on its face and because the resolution of that issue does not turn on any facts unique to individual class members, the legal question at issue and the facts needed to resolve it are common to each class. Third, for the same reason, the claims of the class representatives are identical to those of the class. Fourth, although there is some disagreement about whether the class representatives can fairly and adequately protect the interests of the two classes given that some class members favor the NSZ program, "diversity of opinion within a class does not defeat class certification." *Waters v. Barry*, 711 F. Supp. 1125, 1131 (D.D.C. 1989); *see also Lanner v. Wimmer*, 662 F.2d 1349, 1357 (10th Cir. 1981) ("The fact that the class may have included persons who support the [challenged] program does not offend [Rule 23]. It is not 'fatal if some members of the class might prefer not to have violations of their rights remedied'"). Finally, the Court finds that a class action is maintainable under Rule 23(b)(2) because the NSZ program applies generally to each class such that an injunction prohibiting

---

individual class members" or "(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications." Fed. R. Civ. P. 23(b)(1). Rule 23(b)(2) provides for class certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

further implementation of the program and expunging any information obtained by virtue of the program would benefit all members of both classes.[2]

Even though the proposed classes satisfy the eligibility criteria in Rule 23, the Court may nevertheless deny class certification based on other relevant considerations. District courts have "broad discretion in deciding whether to permit a case to proceed as a class action." *Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994). This discretion includes taking account of factors not expressly delineated in Rule 23. One factor that courts often consider is whether there is a need for class certification. Although establishing need is not a mandatory prerequisite,[3] it is not uncommon for courts, in exercising their discretion, to deny class certification on that basis when the particular facts and circumstances of the case warrant doing so. *See, e.g., Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1548 (10th Cir. 1994) (affirming the district court's decision to deny class certification on the ground that "class certification is unnecessary if all the class members will benefit from an injunction issued on behalf of the named plaintiffs" (internal quotation marks omitted)); *Davis v. Smith*, 607 F.2d 535, 540 (2d Cir. 1978) ("Where retroactive monetary relief is not at issue and the prospective benefits of declaratory and injunctive relief will benefit all members of a proposed class to such an extent that the certification of a class would not further the

---

[2] Having concluded that the plaintiffs' class action is maintainable under Rule 23(b)(2), the Court need not consider whether it is also maintainable under Rule 23(b)(1).

[3] *See, e.g., Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Auth.*, 239 F.R.D. 9, 23 (D.D.C. 2006) (stating that "the idea that a class may be certified only if 'necessary' flies in the face of the Federal Rules" (internal quotation marks omitted)); *Littlewolf v. Hodel*, 681 F. Supp. 929, 937 (D.D.C. 1988) (same).

implementation of the judgment, a district court may decline certification."); *Sargent v. Block*, 576 F. Supp. 882, 888 (D.D.C. 1983) ("[T]he Court finds that class certification is unnecessary in this action since the defendants are government officials and the declaratory and injunctive relief sought by the named plaintiffs would benefit all proposed class members.").

Class certification is particularly unnecessary where, as here, "the suit is attacking a statute or regulation as being facially unconstitutional." *Alliance to End Repression v. Rochford*, 565 F.2d 975, 980 (7th Cir. 1977). In that circumstance, "there would appear to be little need for the suit to proceed as a class action" because "it can be assumed that if the court declares the statute or regulation unconstitutional then the responsible government officials will discontinue the [regulation's] enforcement." *Id.* The plaintiffs' constitutional challenge in this case does not turn on any fact particular to the proposed classes. There is no suggestion, for instance, that the NSZ program is unconstitutional as applied to the class members but might be constitutional as applied to others. To the contrary, the gravamen of the plaintiffs' claim is that the NSZ program, as it is presently configured, is unconstitutional in all circumstances. Indeed, the first proposed class is underinclusive to the extent that it excludes those who reside outside of the District but operate motor vehicles in the District. If the Court declares the NSZ program facially unconstitutional and, on that basis, enjoins the district from operating the program, all proposed class members would certainly benefit but so too would non-class members who travel in the District and are potentially subject to the program. In addition, if the Court requires the District to expunge all information gathered pursuant to the facially

unconstitutional NSZ program, then all members of the second proposed class would be protected, whether or not the Court actually certifies the class. In short, the relief sought by the named plaintiffs by virtue of their facial challenge affords sufficient protection to the proposed class members and to others affected by the NSZ program, thereby making class certification in this particular context wholly unnecessary. Given that the plaintiffs challenge the program on its face, the Court fails to see what would be achieved by certifying the proposed classes other than to needlessly burden this litigation.

Therefore, for the reasons set forth above, it is hereby

**ORDERED** that the plaintiffs' Motion for Class Certification Under Federal Rules of Civil Procedure 23(b)(1) and 23(b)(2) [#7] is **DENIED**.

**SO ORDERED**.

*/s/*
RICHARD J. LEON
United States District Judge